**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

MINNESOTA LIFE INSURANCE COMPANY,

Plaintiff,

v.

SUE VELARDE ROBERTS, an individual; and BRYAN ROBERTS, an individual,

Defendants.

AND RELATED CROSS-COMPLAINT.

Case No. 10cv01744 BTM (NLS)

**ORDER DISMISSING CROSS COMPLAINT WITH PREJUDICE**

Pending before the Court is Cross-Defendant Minnesota Life Insurance Company's motion to dismiss the cross-complaint. For the reasons set forth herein, the Court GRANTS Cross-Defendant's motion and DISMISSES the cross-complaint (Doc. 22) with prejudice.

**BACKGROUND**

At the time of his death, William Roberts's life was insured by Plaintiff/Cross-Defendant Minnesota Life Insurance Company ("Minnesota Life") in the amount of $154,000.00. Defendant/Cross-Complainant Sue Roberts, the wife of the late Mr. Roberts, was the designated beneficiary under that policy (the "policy"). (RJN, Doc. 23-3, Ex. A.)

During the course of Minnesota Life's claims investigation, Minnesota Life learned that Mr. Roberts's death was considered a homicide, and that Ms. Roberts had not been cleared as a suspect. (Id.)

On August 20, 2010, Minnesota Life commenced this action by filing a complaint for interpleader (Doc. 1), interpleading the amount owing on the policy plus statutory interest ($173,404.00, or the "disputed amount") and requesting the Court to resolve actual and potential conflicting claims to the disputed amount between Ms. Roberts and Defendant Bryan Roberts, the deceased's son.

On December 23, 2010, the Court entered a Stipulated Judgment (Doc. 13), signed by all parties, in which the Court found, in relevant part, that: (a) Minnesota Life "filed its Complaint in Interpleader in good faith . . . , that this is a proper cause for interpleader, and that Minnesota Life is hereby granted judgment of interpleader;" and (b) "**Minnesota Life is hereby released, discharged, and acquitted of and from any liability of any kind or nature whatsoever under the Policy**[.]" (RJN, Ex. C ¶¶ 1, 4 (emphasis added).)

Shortly thereafter, Bryan Roberts and Ms. Roberts's reached a settlement regarding the disputed amount, and, on January 6, 2011, they jointly moved for an order dismissing the matter with prejudice and directing the distribution of the disputed amount to the parties in accordance with the terms of their settlement. (RJN, Ex. D.) On January 13, 2011, the Court dismissed the entire action with prejudice. (RJN, Ex. E.)

All was quiet for nearly seven months until Ms. Roberts filed a cross-complaint against Minnesota Life. The cross-complaint alleges, in relevant part, the following: (a) Counsel for Ms. Roberts provided evidence to Minnesota Life in July 2010 indicating that the police believed that "everyone" is a potential suspect, and there were "compelling reasons" to pay the full benefit to Ms. Roberts; (b) Minnesota Life filed a "Rule 22 Complaint in Interpleader without a good faith basis or legal justification[;]" and (c) Minnesota Life's failure to pay the full benefit to Ms. Roberts upon receipt of proof the late Mr. Roberts died while the policy was in effect constitutes "'post claims underwriting;' i.e., adding new terms to the insurance policy after the policy was issued and after the death of the insured." (Doc. 22 ¶¶ 20, 23, 26.) On

these grounds, Ms. Roberts alleges nine causes of action: declaratory relief; breach of contract; tortious breach of the implied covenant of good faith and fair dealing; Brandt fees; intentional infliction of emotional distress; negligent infliction of emotional distress; fraud; negligent misrepresentation; and coverage by estoppel. Ms. Roberts seeks, inter alia, payment of the full amount of the policy benefit, costs incurred investigating the death of Mr. Roberts, all attorneys' fees and costs incurred pursuing the payment of the benefit (prior to and during this lawsuit), and other damages in excess of $500,000.

Pending before the Court is Minnesota Life's motion to dismiss the cross-complaint with prejudice.

## DISCUSSION

The posture of this case is unusual: Notwithstanding the fact that the Court has already entered the Stipulated Judgment and dismissed the entire case with prejudice, Ms. Roberts has chosen to file a cross-complaint in this same action--rather than challenging the judgment by motion under Rules 59 or 60(b), appealing, or commencing a new action. As a result of the posture of this case, the Court analyzes the preclusive effect of the Stipulated judgment and the dismissal of this action with prejudice under the doctrine of *res judicata*, rather than the law-of-the-case doctrine ordinarily governing preclusion issues that arise within a single litigation prior to the entry of a final judgment.[1]

"*Res judicata*, or claim preclusion, prevents relitigation of a claim previously tried and decided." Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir. 1992). "*Res judicata* bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action." Id. (citing McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir. 1986)). The Court considers four factors "when determining whether successive lawsuits involve the same 'cause of action': (1) whether

---

[1] See Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) ("Under the [law of the case] doctrine, . . . a trial court has discretion to reconsider its prior, *non-final decisions*." (emphasis added)).

rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two actions involve infringement of the same right; and (4) whether the two actions arise out of the same transactional nucleus of facts." Littlejohn v. United States, 321 F.3d 915, 920 (9th Cir. 2003).

*Res judicata* clearly bars the majority of Ms. Roberts's cross-complaint. There is no doubt that the primary purpose of the present lawsuit is "to compel Cross-Defendant's performance of its contractual and statutory obligations under its insurance policy[.]" (Cplt. ¶ 29, see also id. ¶¶ 30-31.) The issue of Minnesota Life's obligations under the policy is the precise issue already litigated to completion in this matter and permanently resolved by the entry of the Stipulated Judgment and the dismissal of the interpleader action with prejudice. (RJN, Exs. D and E.) To remove any doubt, the Stipulated Judgment states in clear terms that "Minnesota Life is hereby released, discharged, and acquitted of and from **any liability of any kind or nature whatsoever under the Policy**[.]" (RJN, Ex. C ¶ 4.) Thus, the Court dismisses with prejudice all causes of action that would require the Court to revisit the issue of Minnesota Life's obligations arising under the policy. These causes of action obviously include the claims for declaratory relief, breach of contract, tortious breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, and coverage by estoppel.

Although the central allegation in the cross-complaint is the theory that Minnesota Life breached the terms of the policy (Doc. 22, ¶¶ 23-31), Ms. Roberts also alleges in her third cause of action that Minnesota Life "caus[ed] extraordinary delay in interpleading the proceeds" (id. ¶ 39(h)) and "extraordinary delay in the ultimate payment of partial proceeds to Cross-Plaintiff" (id. ¶ 39(i)). In her opposition papers, Ms. Roberts contends that the causes of action arising out of her delay theory are not precluded:

> The issues raised in the current matter do not question, destroy, or infringe on the rulings of the Interpleader matter because the current matter does not touch the issue of who is entitled to the proceeds of the life insurance policy. Rather, the current matter involves Cross-Defendant's unlawful actions and behavior that delayed the policy funds due Cross-Plaintiff for over thirty-six (36) months.

(Opp. Br. at 4.) Although somewhat unclear, it appears that the causes of action based in whole or in part on the unreasonable delay allegation are: breach of the implied covenant of good faith and fair dealing, Brandt fees, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Despite Ms. Roberts's attempt to cast her delay claims as tort causes of action, the Court finds that res judicata bars these claims also, because they all assert Minnesota Life's duty to timely process the claim and Ms. Roberts's right to timely payment of benefits--a duty and a right arising *under the policy*. The connection between the claims based on delay and the underlying contract is most clear in the cause action for tortious breach of the implied covenant of good faith and fair dealing, since the duty to act in good faith asserted in that cause of action cannot exist apart from a contract. See Brandt v. Superior Court, 693 P.2d 796, 802-03 (Cal. 1985) ("When an insurance company withholds payments in bad faith its actions amount to both a breach of contract and a tort, but two separate breaches of duty are not involved. The single duty breached--the covenant of good faith and fair dealing--springs from the contractual relationship between the parties." (citation and quotation marks omitted)).

The claim for Brandt fees is simply a claim for attorneys' fees and costs permitted where an insurance company withholds benefits in bad faith, and is thus derivative of the breach of the implied covenant claim. See Brandt v. Superior Court, 693 P.2d 796, 797 (Cal. 1985). Consequently, the Brandt fees claim also is precluded.

Ms. Roberts's intentional and negligent infliction of emotional distress claims are barred as well, since these claims raise the same "cause of action" for the purposes of res judicata. Under California law, emotional distress causes of action require the claimant to show either "extreme and outrageous conduct"[2] (intentional infliction) or "wrongful conduct"[3]

---

[2]Hughes v. Pair, 209 P.3d 963, 976 (2009).

[3]Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004) (applying California law).

(negligent infliction). The outrageous or wrongful conduct in this case is the bad faith delay in performing alleged contractual obligations--a contractual injury.

Thus, the Court finds that Minnesota Life's right to be free from liability under the policy, established in the Stipulated Judgment, would be destroyed or impaired by the prosecution of emotional distress claims based on delay in performing the duty to timely process Ms. Roberts's claim. Moreover, the evidence Ms. Roberts would need to establish either outrageous or wrongful conduct is the same evidence she would need to establish a bad faith delay. Finally, the emotional distress claims assert the same right--the right to a timely processing of Ms. Roberts's claim--and arise out of the same transactional nucleus of facts as the contractual obligations already permanently resolved in the interpleader action. In short, the emotional distress claims simply seek to re-plead the contractual injury under a creative tort theory, and are barred by res judicata. See Littlejohn, 321 F.3d at 920.

## CONCLUSION

For the reasons set forth above, all of Ms. Roberts's claims asserted in her cross-complaint are precluded by the Stipulated Judgment and dismissal with prejudice already entered in this case. Accordingly, the Court hereby GRANTS Minnesota Life's motion and DISMISSES the cross-complaint with prejudice.

**IT IS SO ORDERED.**

Dated: August 29, 2012

**HONORABLE BARRY TED MOSKOWITZ**
United States District Judge